UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | CASE NO.: CR04-411-JCC |
| Plaintiff,                                    ) | |
| v.                                              ) | SUMMARY REPORT OF U.S. |
|                                                   ) | MAGISTRATE JUDGE AS TO |
| LEWIS VINCENT HUGHES,        ) | ALLEGED VIOLATIONS |
|                                                   ) | OF SUPERVISED RELEASE |
| Defendant.                                 ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on September 14, 2005. The United States was represented by AUSA Tessa M. Gorman and the defendant appeared *pro se* with stand-by counsel Jennifer E. Wellman. The proceedings were recorded on cassette tape.

Defendant[1] had been sentenced on or about January 21, 2005 by the Honorable John C. Coughenour on a charge of Forcibly Resisting and Impeding Federal Agents in Performance of their Duties and sentenced to 10 Months Custody, 3 years Supervised Release.

The conditions of supervised release included requirements that defendant comply with all local, state, and federal laws and with the standard conditions of supervision. Other special

---

[1] Defendant asserts that he is not Lewis Vincent Hughes, but rather is "Lewis Vincent of the family Hughes descendants" (Dkt. 6, 10, and other documents). Accordingly, he disputes that he is the defendant, but rather states that he is appearing for the defendant. Previous court documents filed by the United States allege that the defendant is connected to the "Common Law movement" and does not recognize the jurisdiction of this Court.

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS TO
ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE 1

conditions included cooperation in the collection of DNA, no firearms, submit to search, cooperate in furnishing financial information to the IRS and pay all outstanding tax liabilities, provide access to financial information to probation officer, maintain a single checking account for all financial transactions, report any business interests to probation officer, disclose all assets and liabilities, report any change in financial status to probation officer that could affect ability to pay restitution, and a fine in the amount of $1,000.

Defendant commenced supervision on June 24, 2005. In an application dated August 3, 2005, U.S. Probation Officer Jerrod Akins alleged the following violation of the conditions of supervised release:

1.  Failing to submit to DNA testing as instructed by the U.S. Probation Office, in violation of the general condition that he cooperate in the collection of DNA as directed by the probation officer.

2.  Failing to cooperate with the Internal Revenue Service to determine all taxes due and owing in violation of the special condition that he cooperate with and furnish financial information and statements to the Internal Revenue Service to determine all taxes due and owing, including interest and penalties, and file any past tax returns in a timely manner.

3.  Failing to allow the U.S. Probation Office to conduct a credit check, in violation of the special condition that he provide the probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of the defendant's federal income tax returns.

Defendant was advised in full as to those charges and as to his constitutional rights. He denied the charges and requested a full evidentiary hearing, which was held on September 14, 2005. The United States presented evidence and the testimony of defendant's probation officer, Jerrod Akins. The defendant testified. Exhibits were admitted. Defendant was given the opportunity to have stand-by counsel present argument, which he declined. In weighing the evidence, the Court has considered the witnesses' memory, the witnesses' ability and opportunity

to observe, the witnesses' manner while testifying, any interest, bias or prejudice of the witnesses, and the reasonableness of the witnesses' testimony when considered in light of all the evidence in the case. I recommend that the Court find as follows with regard to the alleged violations of supervise release.

### DNA Testing (Violation number 1)

The government has established by a preponderance of the evidence that the defendant violated special condition number one of the conditions of supervised release by failing to submit to DNA testing. The testimony of Mr. Akins established that he made a request to Mr. Hughes to submit to the testing, and Mr. Hughes refused, saying that he had copyrighted his DNA. A letter was sent to Mr. Hughes on June 27, 2005 informing him of the need to report on August 2, 2005 for DNA testing, and the defendant failed to report. Furthermore, the defendant specifically indicated at the time of the evidentiary revocation hearing that he would not submit to DNA testing under any circumstances, as he was opposed to it as a matter of principle. Therefore, I recommend that the Court find that the defendant has violated his supervised release as set forth in alleged violation number one.

### Failure to cooperate with Internal Revenue Service (Violation number 2)

Mr. Akins testified that he had two discussions with the defendant where he asked him to sign consent forms authorizing the probation office to obtain tax information from the Internal Revenue Service, but the defendant refused both times. He informed Mr. Hughes that he would accept documentation from the IRS that established that Mr. Hughes did not have any tax liabilities in lieu of the release. Mr. Hughes testified (*n.b.,* Fn. 1) that he attempted to provide the alternative documentation, contacting the IRS via a 800 toll-free number, but no one at the IRS was able to tell him which document would provide this information. At the hearing, Mr. Hughes signed the requested IRS form as Lewis Vincent "A citizen of Washington, a foreign national to the United States" under the notation "No Liability Accepted, No Assured Value", with taxpayer name Lewis Vincent Hughes and a social security number (Ex. 4). The original form was provided

to Mr. Akins. This form may prove adequate for the probation service to obtain the required IRS records, so it is recommended that the Court hold this alleged violation in abeyance. In the event the probation office is successful in obtaining Mr. Hughes' IRS records by utilizing this release form, it is recommended that this allegation be dismissed. If not, then it is recommended that it be found that the defendant violated his supervised release as set forth in alleged violation number two.

### Failing to provide access to financial information (Violation number 3)

Mr. Akins testified that he met with Mr. Hughes on June 27, 2005 upon commencing supervision, and that Mr. Hughes signed the standard "Conditions of Probation and Supervised Release", acknowledging receipt of a copy, with a similar annotation as described in the preceding paragraph, "No Liability Assumed, No Value Assured". (Ex. 1) He asked Mr. Hughes to sign a "Customer Consent and Authorization for Access to Financial Records During Supervision" and "Authorization to Release Information"(Ex. 2). Mr. Hughes refused to sign the forms because he said that any credit would be in the name and social security number of a person did he did not recognize, i.e. Lewis Vincent Hughes, his correct identity being "Lewis Vincent of the family of Hughes". At hearing, Mr. Hughes affirmed that he refused to sign the credit release forms for this reason, but also stated that he did not accept the judgment or sentence of this Court, which he considers to be void *ab initio*. Further, Mr. Hughes pointed out that the document which is the second page of Exhibit 2 requests employment, medical and psychological/psychiatric records in addition to credit information, which the Court has not required him to provide.

At hearing, Mr. Hughes agreed to sign the first document, consisting of the credit history consent form, with his standard conditions of "No Liability Accepted, No Assured Value" and as Lewis-Vincent: Hughes (Ex. 3). This would appear to satisfy the request for authorization to conduct the credit check. However, Mr. Hughes continues to refuse to sign the second document, which authorizes probation to obtain employment, medical and psychological/psychiatric records in addition to credit documents.

Alleged violation number three charges Mr. Hughes with "failing to allow the U.S. Probation Office to conduct a credit check, in violation of the special condition that he provide the probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of the defendant's federal income tax returns." It would appear that the form signed by Mr. Hughes at the evidentiary revocation hearing would allow the probation office to conduct the credit check, so it does not appear that the violation has been proven by a preponderance of the evidence.

With regard to the second page of the requested release documents, Mr. Hughes argues that the conditions of supervised release do not specifically authorize the probation office to require him to release employment, medical, or psychological/psychiatric records. Arguably, standard condition 3 ("The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer") would allow this information to be requested, but the defendant is not charged with violating this particular condition of supervised release. Furthermore, this standard condition appears a bit broad to provide the defendant with fair notice that he would be expected to allow the probation office access to his employment, medical and psychological/psychiatric records as a condition of supervised release. Therefore, it is recommended that it be found that defendant has not committed alleged violation number 3.

### **Conclusion**

I therefore recommend the Court find defendant violated his supervised release as alleged in violation one, that alleged violation two be held in abeyance, and that the defendant be found to not have violated his supervised release as alleged in violation number three. It is recommended that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Coughenour.

///

///

Pending a final determination by the Court, defendant has been released on the conditions of supervised release.

DATED this  16th  day of September, 2005.

                                                                                      Mary Alice Theiler
                                                                                      United States Magistrate Judge

cc:     District Judge:              Honorable John C. Coughenour
        AUSA:                      Tessa M. Gorman
        Defendant:                Lewis Vincent Hughes
        Standby defense attorney:  Jennifer E. Wellman
        Probation officer:       Jerrod Akins